PER CURIAM.
The appellant, Doyle Thomas Williams, appeals his judgment and sentence. We reverse.
The appellant was charged with engaging a child in sexual activity. At trial, the appellant took the stand on his own behalf and testified on direct examination that he had been married for thirty-one years and that he had never had sexual relations with anyone other than his wife. On cross-examination, the prosecutor questioned appellant about an alleged extramarital affair between appellant and his sister-in-law, Catherine Hill. After the appellant denied having had an affair with Catherine Hill, the prosecutor sought to refute appellant’s testimony and corroborate the alleged affair through testimony of appellant’s foster daughter, Selah Lane. Over objection by defense counsel, Selah Lane was permitted to testify for the state in rebuttal that the appellant’s father-in-law, now deceased, had told her that the appellant and Catherine Hill once had an affair of sorts. Defense witnesses, Catherine Hill and appel *657 lant’s wife, Betty Williams, also denied that the appellant had ever had an affair with Catherine Hill. The information regarding the alleged affair was referred to in the state’s closing and rebuttal, arguments. Following deliberation, the jury returned a verdict of guilty as charged. The trial court adjudicated appellant guilty and sentenced him within the guideline range to seven years incarceration. This timely appeal followed.
The admission of Selah Lane’s testimony regarding her conversation with appellant’s father-in-law was error as the testimony clearly was hearsay, see § 90.801(l)(c), Fla. Stat. (1985), not subject to any of the exceptions to the rule against hearsay. See §§ 90.803, 90.804, Fla.Stat. (1985). We cannot agree with the state’s contention that the erroneous admission of this testimony was harmless error. Here, the evidence regarding the appellant’s sexual involvement with the alleged victim as well as the evidence regarding his character and sexual propensities in general was conflicting. The appellant’s credibility, therefore, was critical to the effectiveness of his defense. Selah Lane’s testimony, if believed by the jury, would have impeached the appellant’s testimony on his own behalf and reflected negatively on his credibility. The hearsay testimony may have also negatively affected the credibility of appellant’s wife and sister-in-law who testified on appellant’s behalf. The state made reference to the hearsay testimony in its closing and rebuttal arguments. Under these circumstances, we find that the state has not met its burden of showing the error was harmless because we cannot say beyond a reasonable doubt that the error did not affect the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
We, accordingly, reverse and remand for a new trial.
Reversed and remanded.
SCHEB, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.